Polk and others *v.* Mitchell and others.

(*Jackson.*    April 14th, 1887.)

1. CHANCERY PLEADING.    *Cross-bill not required.    Decree.*

  Where a mortgageor enjoins sale of the mortgaged property, on the
    ground that the debt secured is subject to credits for usury and un-
    recognized payments, and prays for an account to ascertain the true
    balance due thereon, and offers to pay same; a decree may be ren-
    dered in favor of defendant for such balance, when ascertained,
    *without a cross-bill.*

Case cited and approved: Allen *v.* Allen, 11 Heis., 387.

2. SAME.    *Tender.    Bringing money into court on bill to redeem.*

  A bill by a judgment creditor to redeem his debtor's land from a pur-
    chaser at judicial sale, is sufficient in its allegations if it aver a re-
    fusal by the purchaser of a proper tender, and that the complainant
    is ready and willing to pay the sum already tendered, and that he
    brings the money into court; and will pay the same as directed,
    although the money was not *actually* paid into court.    The objection
    that the money did not accompany the bill, if tenable, should have
    been made by demurrer.

3. CHANCERY SALE.    *Pleadings to support.    Description of land.    Several
    tracts for the gross taxes on all.*

  For a chancery sale for taxes to be valid, the bill must describe the
    tracts to be sold, and state the amount of taxes due on each tract.
    A statement of the gross amount due on several tracts is insufficient.

Case cited and approved: Morristown *v.* King, 11 Lea, 669.

4. REDEMPTION.    *Redeeming creditor not required to pay unregistered mort-
    gage.*

  A judgment creditor may redeem his debtor's lands from a purchaser at
    judicial sale, without paying an unregistered mortgage given thereon
    by the debtor to such purchaser subsequently to the sale.

5. SAME. *From joint purchasers.*

   Redemption from joint purchasers at judicial sale, may be effected by
payment or tender to each one of his share of the price paid.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County.
W. W. McDOWELL, Ch.

WRIGHT & FOLKES, GANTT & PATTERSON, for Complainants.

TAYLOR & CARROLL, HUMES & POSTONS, and HARRIS & TURLEY, for Respondents.

L. LEHMAN, Sp. J. The original bill in this cause
was preferred by O. B. Polk in the Chancery
Court of Shelby on the 5th day of August, 1878,
for himself and as trustee of the heirs of J. J.
Polk, deceased, who are all named, and by James
and John Roper and others, their tenants on the
land in controversy in this suit, against the children and heirs of William P. Mitchell, Sr., deceased, and especially Edward B. Carroll and William P. Mitchell, Jr.

The original bill asserts that said Oscar B. Polk,
trustee, is the owner in fee of two tracts of land
in Shelby County, containing respectively about
185 acres and 500 acres, which he acquired upon
a sale thereof under an order of sale based on a

prior levy of an execution thereon on a judgment rendered in this Court in favor of the personal representatives of J. J. Polk, deceased, on the 5th of May, 1874, against William P. Mitchell and A. W. Mitchell for the sum of $9,522.56.

The bill further alleges that execution was issued upon said judgment on July 3d, 1874, and the same was levied on said two tracts of land on July 21st, 1874, and without any sale by the Sheriff such execution was returned; that orders for the sale of said lands were issued at every succeeding term of this Court, all of which were returned unexecuted until the 14th of February, 1877, when a *pluries venditioni exponas* was issued, under which said lands were sold on March 10th, 1877, to Oscar B. Polk—the 185 acres for $2,775, and the 500 acres for $10—upon which sale and purchase the Sheriff executed a deed to him on March 10th, 1877.

The bill further alleges that William L. Vance, on April 6th, 1875, recovered a judgment against said William P. Mitchell for $7,649.48 in the First Circuit Court of Shelby County, under which an execution was levied on the 500 acre tract of land on June 28th, 1875, and which was sold to William L. Vance for $160, and a deed therefor executed to him; that Vance advanced his bid under said purchase to $2,000, and afterward Oscar B. Polk and P. H. Bowers, as administrators of J. J. Polk, deceased, redeemed said 500 acres of land from said Vance as judgment creditors by paying

him $2,333.33 and crediting their judgment by
$3,868.67, and making said land cost them $6,204.34;
that upon such redemption Vance conveyed said
500 acres, by his deed, to Oscar B. Polk and P.
H. Bowers, as administrators.

It also appears from the bill that shortly after
March 10th, 1877, Oscar B. Polk, as trustee, took
possession of both of said tracts of land, and on
January 21st, 1878, made a lease of the 500 acre
tract to James and John Roper, who went into
the possession thereof, and sublet the same to oth-
ers of the complainants; and that said Polk made
a lease of the 185 acre tract to the complainants,
Gilliam and Paine.

The bill also avers that the defendants, W. P.
Mitchell, Jr., and Edward B. Carroll, went upon
said two tracts of land under a writ of possession
issued from the Chancery Court of Shelby County,
and, under threats of dispossessing the tenants who
occupied the same, coerced such tenants to attorn
to them.

Such writ of possession was issued upon a pur-
chase of said lands by W. P. Mitchell, Jr., and
Edward B. Carroll under a decree of said Chan-
cery Court in a proceeding to sell the same for
taxes.

It is contended in the bill in this suit that such
proceeding was void because, among other grounds,
there was no valid description in the bill therein
of said two tracts of land.

On the 17th of February, 1879, the complainants

filed an amended and supplemental bill in this cause, wherein the averments of the original bill are stated to be true, and that on May 18th, 1874, one W. W. Wallace recovered a judgment in the Circuit Court of Shelby County against Wm. P. Mitchell, Sr., for about $125, from which an appeal was taken to this Court, where, in June, 1877, the judgment was affirmed, execution issued thereon, and levied on the two tracts of land, which were sold on or about August 15th, 1877—the 500 acre tract to Wm. P. Michell, Jr., and Edward B. Carroll, and the 185 acre tract to Wm. Y. C. Humes, David Poston, and Wm. K. Poston.

Such sales are in the amended and supplemental bills asserted to be void because of the previous sales to Wm. L. Vance, Oscar B. Polk, and B. H. Bowers. The bill in this connection charges that the sales under the Wallace judgment were made secretly and privately, without any notices as required by law, upon a waiver of notice by the debtor, Wm. P. Mitchell, Sr. It also averred that Wm. P. Mitchell, Sr., on the 31st of August, 1877, for the pretended consideration of $150, fraudulently conveyed to Wm. P. Mitchell, Jr., and Edward B. Carroll his equity of redemption in said lands; and that on February 13th, 1877, Humes and Poston took of Mitchell, Sr., a deed of trust on the 185 acre tract, which was not recorded; that complainants, on January 9th, 1879, offered to pay Wm. P. Mitchell, Jr., and Edward B. Carroll what they had paid out for taxes on said two tracts of

Polk and others *v.* Mitchell and others.

land and in their purchases under the Wallace judgment and the Chancery decree, and then made a tender of more than sufficient to cover the amounts; that complainants, on the 9th day of January, 1879, tendered to Humes and Postons the amount bid by them in their purchase under the Wallace judgment, with interest, etc., and asked to be allowed to redeem the 185 acre tract.

To the original and amended and supplemental bill W. Y. C. Humes, David H. Poston, and W. K. Poston interposed their answer and cross-bill, in which they attack the decree the complainants recovered in this Court in 1874 upon the allegations that it was rendered without notice to Wm. P. Mitchell, Sr., of the suing out of the writ of error in the cause, and that therein J. J. Polk, who was a defendant, had filed no cross-bill, and was entitled to no money judgment; and it is contended upon these grounds that the complainants were not judgment creditors of W. P. Mitchell, Sr., and not entitled to redeem. It is further contended in said cross-bill that the decree in favor of J. J. Polk was rendered in Madison County, and W. P. Mitchell, Sr., resided in Shelby County; it was, therefore, no lien on said lands until the execution issued thereon had been levied, which occurred long after the rendition of the Wallace judgment.

The defendants, Wm. P. Mitchell, Jr., and Edward B. Carroll, also answered the bill, and filed their cross-bill, in which all charges of fraud are

denied, as well as the claim of title to the lands in controversy of Polk. In such answer and cross-bill the money decree rendered in favor of Polk in 1874 is assailed because the pleadings in the cause did not authorize it, and that an execution based on the decree was void. It is admitted in the answer that Mitchell and Carroll claimed the lands in controversy under the decree of sale for taxes of the Chancery Court, and caused a writ of possession to issue in their behalf, upon which the tenants in possession agreed to attorn to them; and it is averred that no tender or offer to redeem was made within two years from the date of the purchase at the chancery sale.

The defendant, Edward B. Carroll, admits in his answer that on January 9th, 1879, Oscar B. Polk made the tender of money mentioned in the bill. The defendant, Wm. P. Mitchell, avers that he was not present when such tender was made to Carroll, but admits that Polk called on him, and said his object in calling was to make a tender, and took out some money—as he then said $1,060 —and counted it, and offered it to him (Mitchell); and both said defendants admit that they refused the moneys which were tendered to them.

The Chancellor, by his decree in this cause, adjudged the following points:

*First*—That W. P. Mitchell, Jr., and E. B. Carroll acquired title to the 500 acre tract under the Wallace judgment as tenants in common in equal moieties.

*Second*—That W. P. Mitchell, Jr., and E. B. Carroll acquired title to both tracts involved in this litigation as such tenants in common under the chancery sale for taxes, which title was superior to the claims of title or judgment lien of complainants.

*Third*—That W. P. Mitchell, Sr., and his judgment creditors had the right to redeem of defendants the title so acquired; and said W. P. Mitchell, Jr., and E. B. Carroll, being tenants in common, W. P. Mitchell, Sr., and his judgment creditors had the right to redeem of each of them severally his undivided half interest by payment or tender of one-half of the amount necessary to redemption.

*Fourth*—That on June 9th, 1879, O. B. Polk, administrator of J. Polk, deceased, who was a judgment creditor of W. P. Mitchell, Sr., tendered to E. B. Carroll a sum sufficient to redeem his undivided one-half interest in said lands.

*Fifth*—That the attempt by said O. B. Polk to redeem said lands from W. P. Mitchell, Jr., was defective and insufficient, and said Mitchell is vested with an undivided one-half of said lands.

*Sixth*—That the tender by O. B. Polk to Defendants Humes & Poston was good, and that it was unnecessary to tender them the amount of their trust deed.

*Seventh*—That the conveyance by W. P. Mitchell, Sr., to W. P. Mitchell, Jr., and E. B. Carroll was not fraudulent.

41

*Eighth*—That the undivided one-half interest of E. B. Carroll in said lands be divested out of him.

*Ninth*—That Polk pay the redemption money into court — $1,475.75 — and that the Clerk and Master pay the same over to E. B. Carroll.

*Tenth*—That complainants pay one-half the costs and Defendants Carroll and Humes & Poston the remaining one-half thereof.

From that decree the complainants and the defendants, E. B. Carroll and Humes & Poston, appealed to this Court.

The Commission of Referees in their report find O. B. Polk's tender was good as to the defendant W. P. Mitchell, Jr., and recommend a reversal of the Chancellor's decree on that point.

The defendants, W. P. Mitchell, Jr., E. B. Carroll, and Humes & Poston filed exceptions to the report of the Referees, which raise only questions of law, inasmuch as no evidence or other matter contained in the record is therein referred to for a basis of objection.

It is contended that the personal judgment rendered in this Court on the 5th of June, 1874, against W. P. Mitchell, Sr., upon which the personal representatives of J. J. Polk, deceased, place their right to redeem the lands in controversy, was void because of the character of the suit in which the said judgment was obtained and issues made by the pleadings therein.

The record of that proceeding is in evidence in this suit, and shows that the same was instituted

by W. P. Mitchell, Sr., to enjoin the sale of land, mortgaged by trust deed, to secure the payment of a debt owing by him to J. J. Polk, upon the ground of usury and unrecognized payments.

The complainant in the bill in that case made the following averment: "Complainant is ready and willing and now offers to pay the true and legal amount due, when ascertained;" and in the prayer asked "that an account be taken of the several payments actually made by complainant on said debt, and the amount actually due, and complainant will pay the same."

In view of these features of that case it is clear that the said decree was correct.

In *Allen* v. *Allen*, 11 Heis. 387, Judge McFarland, delivering the opinion, says: "But it is now argued that, as no cross-bill was filed, it was error to render a decree for the defendant for the balance due him; he should have been remitted to his action at law. The position is not maintainable. The complainant having prayed for an account must abide the result of it. In such case no cross-bill is necessary."

The next assignment of error controverts the finding of the Referees to the effect that the defendants, W. P. Mitchell, Jr., and E. B. Carroll, acquired no title to the land in controversy under the chancery sale for taxes.

The Referees reported that sale void on the following grounds:

*First*—The bill in the suit charged $1,169 of

taxes against four different tracts of land, without showing how much was due on each separate tract.

*Second*—That the land was not sufficiently described.

These conclusions are sustained by *Mayor, etc., of Morristown,* v. *King,* 11 B. J. Lea, 669, which we will follow, and upon which the finding of the Referees on this point will be upheld.

It is insisted that the bill is defective as a redemption bill because the redemption money was not brought into court. The averment of the bill is: "That complainant has now ready to pay to the said Wm. P. Mitchell, Jr., Edward B. Carroll, and Humes & Poston the sums severally tendered to them,   *   *   *   and hereby offers to pay to the said several parties the sums so tendered, and here brings into your honorable court with this bill the said several sums, and will pay the same to your Honor's Clerk and Master, subject to such orders as shall be proper in regard to said money."

The defendants did not demur to the bill for the failure of an offer by the complainant to bring into court the money previously tendered, but absolutely denied the right of complainant to redeem. But it seems to us that the bill is not defective in the particular wherein it is criticized by the exception of defendants.

The contention that Humes & Poston, by their purchase under the Wallace judgment, acquired a title superior to that of complainants, and that the

title thus· acquired by them immediately vested in trustees under the deed of trust made by W. P. Mitchell, Sr., for their benefit, is not tenable. There was no connection between the purchase under the execution and the title of the trustees under the trust deed. And this disposes also of the exception· which asserts that Humes & Poston were . entitled to the payment of their debt secured by this trust deed from the judgment creditor who proposed to redeem.

The result is that the report of the Referees . must be confirmed, and the decree of the Chancellor will be modified in so far as relief was thereby denied to the complainants against the defendant, W. P. Mitchell, Jr.

The costs will be paid as is suggested in the report of the Referees.