# J. C. FORD v. MILES HARRISON.*

## (*Jackson.*   April Term, 1924.)

1. **EQUITY.** Defense held not to require cross-bill, because not seeking affirmative relief.

   In bill to recover sum advanced to defendant on his draft against cotton shipment, defendant *held* not required to file cross-bill as condition of asserting defense that, having made delivery to complainant of consideration contemplated and agreed upon, he owed complainant nothing; such defense not seeking affirmative relief. (*Post, pp.* 374-376.)

   Cases cited and approved:   American Nat. Bank v. Nashville Warehouse Co., 36 S. W., 960;   Meek v. McCormick, 42 S. W., 458.

2. **EQUITY.** In suit involving an accounting, defendant held entitled to balance found due him, without interposition of cross-bill.

   On bill to recover sum advanced to defendant on latter's draft against cotton shipment, and remaining unpaid after allowing certain credits, *held*, that, an accounting being involved, decree might properly be rendered for defendant for balance found to be due him, without cross-bill.   (*Post, pp.* 376-378.)

   Cases cited and approved:   Polk et al. v. Mitchell et al., 85 Tenn., 643;   Scott v. Lalor, 18 N. J. Eq., 301;   Kittrell v. Ins. Co., 1 Tenn. Civ. App, 253.

   Case cited and distinguished:   Allen v. Allen, 58 Tenn., 387.

---

*Headnotes 1.   Equity, 21 C. J., section 598 (1926 Anno);   2.   Equity, 21 C. J., section 598.

### FROM DYER.

Appeal from the Chancery Court of Dyer County to the Court of Civil Appears, and by *certiorari* to the Court of Civil Appeals from the Supreme Cout.—Hon. V. H. Holmes, Chancellor.

J. W. Watkins, for plaintiff.

T. C. Gordon, for defendant.

Mr. Justice Chambliss delivered the opinion of the Court.

The bill in this cause was brought by complainant as trustee for W. C. Knight & Co., bankrupt, to recover the sum of $200 advanced by the bankrupt firm to the defendant on his draft against a cotton shipment, giving certain credits reducing the net claim to $185.59. The answer of the defendant admits the drawing of the draft and the receipt of the money, but denies the indebtedness; setting up that the money was paid to the defendant under an agreement made with the agent of the bankrupt on account of cotton shipments made contemporaneously; that the cotton was shipped for immediate or early sale at prices then prevailing, which would have yielded more than the sum advanced; and that the loss in the sale of the cotton, made a year and a half after the shipment, was because of the failure and refusal of the bankrupt to sell the cotton according to agreement and instructions. The answer further sets up that the bankrupt represented by the complainant is liable to him for a sum in excess of the $200 paid to him, but no recovery is sought and no affirma-

tive relief prayed by the defendant. He, in effect, contents himself with a denial of liability for the sum sued for.

A jury was demanded and impaneled, and issues were submitted on behalf of both parties, but the chancellor, apparently being of opinion that the defense could not be made in this proceeding by way of answer without a cross-bill, refused to submit the issues to the jury and rendered a decree in accordance with the prayer of the bill. The court of civil appeals was of opinion that the issues should have been submitted to a jury, and from its decree the original defendant has brought the case here by petition for *certiorari*. The determinative question is one of pleading; it being earnestly insisted that the defense is in the nature of a set-off and cannot be made without a cross-bill, or an answer in the nature of a cross-bill, praying for affirmative relief.

The rule as laid down by Mr. Gibson, par. 730, is to the effect that, if affirmative relief is sought by the defendant "in the allowance of a set-off," or otherwise, a cross-bill must be filed, and authorities are cited sustaining this general statement. However, the insistence made for the defendant below in this cause is that no "affirmative relief" is sought; that, while the answer sets up facts on which, if established, the defendant would be entitled to recover a sum from the complainant, no such relief is prayed for, it being suggested that the insolvency of the party represented by the complainant as trustee rendered such a claim useless. In section 12 of paragraph 730, supra, Mr. Gibson says that, "where the bill seeks a recovery on a deed, note, or other written instrument executed by the defendant,

and the defendant seeks not only to defeat any recovery thereon, . . . but seeks also to have such deed, note, or other instrument delivered up and canceled,'' etc., he must file a cross-bill. No such affirmative relief is sought in the instant case. Defendant seeks merely to defeat any recovery, and goes no further. He, in effect, denies liability for the money advanced to him, on the ground that he has made delivery to the complainant of the consideration contemplated and agreed upon, and that therefore he owes the complainant nothing. This insistence is not in conflict with the rule generally recognized, requiring a cross-bill whenever affirmative relief is sought. It is analogous to the defense of payment or failure of consideration. The cases of *American Nat. Bank* v. *Nashville Warehouse Co.* (Tenn. Ch. App.), 36 S. W., 960, and *Meek* v. *McCormick* (Tenn Ch. App.), 42 S. W., 458, were cases in which affirmative relief was sought; it being therein held that relief (affirmative) by way of equitable set-off cannot be had except by cross-bill.

Among the exceptions to the general rule, requiring a cross-bill as a foundation for affirmative relief, are suits for accounting. This exception has been specifically recognized in this State. In *Allen* v. *Allen*, 11 Heisk, 387, approved in *Polk et al.* v. *Mitchell et al.*, 85 Tenn., 643, 4 S. W.,.224, Mr. Justice McFarland said:

''The complainant, having prayed for an account, must abide by it. In such case no cross-bill is necessary.''

While the bill in this case does not set out the facts and circumstances of the transaction out of which the claim sued on grew, it is apparent that an accounting is involved in the proceeding; the complainant having

made certain credits, the correctness of which is necessarily the proper subject of inquiry, in order to a determination of the alleged liability of the defendant. This is consistent with the theory of the complainant that the cotton was shipped on consignment and the draft paid as an advancement against the proceeds, and that the credit allowed on account of the cotton sold is the credit to which the defendant is entitled. Viewing the pending proceeding in this light, it might well be contended, under the exception to the general rule above noted, that a decree might properly be rendered in favor of the defendant for any balance found to be due the defendant, in the absence of a cross-bill. 5 Ency. P. & P., 635. So it has been held that, where the complainant seeks to recover, on an agreement for farming on shares, a division of the proceeds appropriated by the defendant, no cross-bill is necessary in order to enable the defendant to recover as a credit any sums received by the complainant. *Scott* v. *Lalor,* 18 N. J. Eq., 301.

If the original bill in this cause had specifically prayed for an accounting, the application of this exception would, of course, have been clear, but, looking to the substance of the controversy presented by the pleadings, we think the same result follows.

Nor is the case of *Kittrell* v. *Insurance Co.,* 1 Tenn. Civ. App., 253, in conflict with the conclusion reached herein, when the difference in the facts is considered. The insurance company in that case sought to recover upon a note which had been executed to it by the complainant and set up this claim in an answer to a bill brought by Kittrell to recover on a fire loss. This was

clearly affirmative relief on a claim independent of the demand set up in the suit. The determination of the right of recovery upon this note might well have involved various questions, payment, among others, wholly independent of the right of the complainant to recover on his fire loss; and, while under our practice this claim might have been set off in the same suit, it clearly called for affirmative relief and was not, as in the present case, defensive merely. It has never been held necessary, in cases where suit is brought to recover upon a written instrument, for the defendant to file a cross-bill, or to file his answer in the nature of a cross-bill, in order to enable him to show, by way of defense, want or failure of consideration, payment in whole or in part, in cash, or by the transfer of property, or that on an accounting between the parties with respect to their mutual dealings the claim sued on is not owing by the defendant to the complainant.

It is earnestly insisted that, on the facts developed by the proof, the contention of the defendant has not been sustained, but it cannot be contended that there is no material evidence to sustain the defendant's contention, and in this state of the record the defendant was entitled to a trial by a jury, and the petition must be dismissed, and the decree of the court of civil appeals affirmed.